CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

5/20/2019

JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| ROBERT B.,[1] | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 6:17-CV-94 |
| | ) |
| **NANCY A. BERRYHILL, Acting** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff Robert B. ("Robert") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not a full-time student as required by 20 C.F.R. § 404.352(b)(1) for entitlement to continuing child's benefits under the under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433, 1381–1383f. The ALJ concluded that Robert was not a full-time student as of his eighteenth birthday and was not otherwise engaged in an educational or home-schooling program under Virginia law. Robert alleges that he continued to be eligible for child's benefits after age eighteen because he was home-schooled, and therefore considered a full-time secondary level student under Virginia law.

I conclude that the ALJ properly determined that Robert did not qualify as a full-time secondary level student under Virginia law and therefore was not entitled to student's benefits after the age of eighteen. Accordingly, I **RECOMMEND DENYING** Robert's Motion for Summary Judgment (Dkt. No. 20), **GRANTING** the

---

[1] Due to privacy concerns, I am adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts use only the first name and last initial of the claimant in social security opinions.

1

Commissioner's Motion for Summary Judgment (Dkt. No. 28), and **DISMISSING** this case from the court's docket.

## STANDARD OF REVIEW

Ordinarily, the court limits its review to a determination of whether substantial evidence supports the Commissioner's findings and whether the correct legal standards were applied.  Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).  Where the issue presented on appeal is a question of law, the court must conduct a *de novo* review. Kober v. Apfel, 133 F. Supp. 2d 868, 871 (W.D. Va. 2001). See Woody v. Barnhart, 326 F.Supp.2d 744, 748 (W.D. Va. 2004) ("Nonetheless, the court is not constrained by deference to the administrative decision in determining whether the correct legal standards were applied—a *de novo* determination of legal issues is obligatory.")  Here, the issue presented is not a question of fact or conflicts in the evidence, but is purely a question of Virginia law; accordingly, I will review the Commissioner's decision as to Virginia law *de novo*.

## CLAIM HISTORY

Robert became entitled to surviving child's benefits on the account of the death his father in January 2000. R. 42. On September 1, 2009, Robert's mother notified the Campbell County School Board that she was requesting a religious exemption from the compulsory school attendance law on Robert's behalf, pursuant to Virginia Code § 22.1-254(B), which the Campbell County school board granted. R. 13, 15.

The SSA discontinued Robert's survivor benefits beginning January 2013 because he would be eighteen years old and had not demonstrated that he was a full time elementary or secondary level student. R. 25–26. Robert contends that he was a full-time

student because he attended a home school program. On November 3, 2012, Robert's mother submitted an SSA-1372 "Student's Statement Regarding School Attendance" form to the SSA, indicating that Robert was being home-schooled full-time for the 2012–2013 school year, and had been home-schooled during the prior 2011–2012 school year as well. R. 16–17.

On December 10, 2012, the Office of the General Counsel of Social Security sent a memorandum to the Philadelphia Regional Office to answer a question of whether Robert's religious exemption from Virginia's compulsory school attendance law also exempts him from satisfying the federal standards for full-time school attendance under the social security regulations. R. 45–49. The Regional Chief Counsel concluded that Robert's religious exemption from Virginia's compulsory school attendance law did not exempt him from meeting the federal standards for full-time attendance required to receive student benefits and recommended denying his application for student benefits. R. 49.

Robert's mother submitted a course list and attendance log for the 2012–2013 school year to the SSA. R. 27–29. Robert also filed a request for reconsideration, which was denied on October 1, 2014. R. 37–43. On March 15, 2016, ALJ Brian Kilbane held a hearing to consider Robert's benefits claim. R. 224–30. Robert was represented by an attorney at the hearing. On May 4, 2016, the ALJ entered his decision analyzing Robert's claim under the SSA and applicable Virginia statutes, and denying Robert's claim for benefits. R. 10–12.

Robert requested that the Appeals Council review the ALJ's decision. On October 24, 2017, the Appeals Council denied Robert's request for review (R. 3–6), and this appeal followed.

## ANALYSIS

The social security regulations provide that entitlement to child's benefits ends on "the month before the month in which you become 18 years old, if you are not disabled or a full-time student." 20 C.F.R. § 404.352(b)(1). A child may receive student's benefits beyond the age of 18, until the month before turning age 19, if the child is disabled, or is a qualified full-time student who is not disabled. 20 C.F.R. § 404.352(b)(3). A claimant is considered a full-time elementary or secondary school student if he "attends a school which provides elementary or secondary education as determined under the law of the State or other jurisdiction in which it is located." 20 C.F.R. § 404.367(a). The regulations also provide that participation "in elementary or secondary education at home in accordance with a home school law of the State or other jurisdiction in which you reside" qualifies. 20 C.F.R. § 404.367(a)(1). Further, the Social Security Program Operations Manual System (POMS) RS 00205.275 for Home Schooling provides that student benefits are payable if: 1) the student meets the Federal standards for full-time attendance; 2) the law of the State in which the home school is located recognizes home school as an education institution; 3) the home school the student attends meets the requirements of the State law where he or she resides; and 4) the student meets all the other requirements for benefits. SSA–Program Operations Manual System (POMS): RS 00205.275– Rev. Oct. 23, 2013, http://policy.ssa.gov/poms.nsf/lnx/0300205275.

Thus, whether Robert qualified as a full-time student rests upon the law of his residential state, Virginia. Virginia has compulsory school attendance laws with several recognized exceptions, including a religious exemption and a home instruction exemption. See Va. Code. §§ 22.1-254 & 254.1. The compulsory education law provides in pertinent part as follows:

> Except as otherwise provided in this article, every parent, guardian, or other person in the Commonwealth having control or charge of any child who will have reached the fifth birthday on or before September 30 of any school year and who has not passed the eighteenth birthday shall…cause such child to attend a public school or a private, denominational, or parochial school or have such child taught by a tutor or teacher of qualifications prescribed by the Board of Education and approved by the division superintendent, or provide for home instruction of such child as described in § 22.1-254.1.
>
> …
>
> B. A school board shall excuse from attendance at school:
> 1. Any pupil who, together with his parents, by reason of bona fide religious training or belief is conscientiously opposed to attendance at school. For purposes of this subdivision, "bona fide religious training or belief" does not include essentially political, sociological or philosophical views or a merely personal moral code…

Va. Code § 22.1-254(B) (2018). The statute further provides that the compulsory attendance provisions of the statute do not apply to children excused pursuant to the religious exemption. Va. Code § 22.1-254(I)(5).

Virginia recognizes home instruction as an educational institution that satisfies the compulsory attendance requirements, if the parent: (i) holds a high school diploma; (iii) is a teacher of qualifications prescribed by the Board of Education; (iii) provides the child with a program of study or curriculum which may be delivered through a correspondence course or distance learning program or in any other manner; or (iv) provides evidence that he is able to provide an adequate education for the child. Va. Code § 22.1-254.1.

This code section requires that "[a]ny parent who elects to provide home instruction in lieu of school attendance shall annually notify the division superintendent in August of his intention to so instruct the child and provide a description of the curriculum, limited to a list of subjects to be studied during the coming year, and evidence of having met one of the criteria for providing home instruction as required by subsection. Id. Virginia law also requires that a parent who elects to provide home instruction,

> shall provide the division superintendent by August 1 following the school year in which the child has received home instruction with either (i) evidence that the child has attained a composite score in or above the fourth stanine on any nationally normed standardized achievement test, or an equivalent score on the ACT, SAT, or PSAT test or (ii) an evaluation or assessment which the division superintendent determines to indicate that the child is achieving an adequate level of educational growth and progress, including but not limited to (a) an evaluation letter from a person licensed to teach in any state, or a person with a master's degree or higher in an academic discipline, having knowledge of the child's academic progress, stating that the child is achieving an adequate level of educational growth and progress or (b) a report card or transcript from an institution of higher education, college distance learning program, or home-education correspondence school.

Va. Code § 22.1-254.1(C). The statute provides, "[n]othing in this section shall prohibit a pupil and his parents from obtaining an excuse from school attendance by reason of bona fide religious training or belief pursuant to subdivision B 1 of § 22.1-254." Va. Code § 22.1-254.1(D). A child exempted from compulsory attendance by the religious exemption is not required under Virginia law to be enrolled in or to attend an educational or home instruction program.

The sole issue in this case is whether Robert was a full-time student as defined by Virginia law when he turned eighteen, and was therefore entitled to continuing child's insurance benefits. The more specific question is whether Robert qualifies as a full-time student instructed at home in accordance with a home school law of Virginia, when he

6

used the religious exemption to satisfy the compulsory attendance law and did not comply with the requirements under Va. Code § 22.1-254.1(C) for an approved home school program. The ALJ, in accordance with SSA policy findings, found that a student must comply with the Virginia home school statute requirements to qualify as a full-time student in accordance with a home school law of Virginia. Robert argues that Virginia's religious exemption is a home school program and thus, he qualifies as a full-time student in accordance with a home school law of Virginia.

The social security regulations provide that benefits may continue past age eighteen if the claimant is "instructed in elementary or secondary education at home in accordance with a home school law of the State or other jurisdiction in which [he] reside[s]." 20 C.F.R. § 404.637(a)(1). The ALJ held that Robert did not qualify under this section because he was not instructed at home in accordance with the Virginia home school law, § 22.1-254.1, which sets forth multiple requirements for home instruction of children. R. 12. Robert was instead exempted from compulsory school attendance under Virginia's religious exemption, which has no requirements for educational instruction. The ALJ determined, consistent with the most recent policy decisions of the Commissioner of Social Security, see SSA– POMS: RS 00205.275, that a student excused from school attendance by Virginia's religious exemption, who does not otherwise satisfy the requirements for home instruction set forth in § 22.1-254.1, is not a student instructed at home "in accordance with a home school law" of Virginia. R. 12.

Specifically, POMS RS 00205.275 includes the following example of an individual who does not meet state law requirements:

> Ryan's mother teaches him at home and he lives in the same State as
> Jessica and takes courses from the same home correspondence school. As

7

> proof, his mother certified that his attendance is 25 hours per week and presented a list showing that the required courses were being taught; however, Ryan's mother has not filed a certificate of enrollment with the local school board as required by State law.
>
> Until Ryan's mother files the certificate of enrollment, Ryan does not meet the requirements for student benefits. If Ryan's mother files the certificate, he can be entitled when the home school is in compliance with State law and all student requirements are met.

SSA–POMS: RS 00205.275– Rev. Oct. 23, 2013, http://policy.ssa.gov/poms.nsf/lnx/0300205275. Likewise, here, the ALJ found that the evidence of instruction provided by Robert's mother, including his course list and attendance sheet, were insufficient to meet the requirements of Virginia's home school law, § 22.1-254.1, and thus, did not satisfy the social security regulation. Id.

Robert asserts that Virginia's religious exemption set forth in § 22.1-254(B) is "a home school law" of Virginia, and that he therefore qualifies for benefits. Robert asserts that by obtaining a religious exemption, his mother created "an alternative mode of home instruction that is exempt from requirements that apply to other schools." Pl. Br. Summ. J. p. 8.  Robert thus asserts that the Commissioner's policy decision and the ALJ's decision in this case misinterpret Virginia law.

The Commissioner disputes Robert's contention that children who do not attend school under Virginia's religious exemption are instructed in accordance with "a home school law" of Virginia. The Commissioner agrees that a parent in Virginia who requests a religious exemption may educate a child at home, but Virginia law does not mandate that a parent do so.  Rather, individuals who receive a religious exemption from compulsory school attendance are not required to have any additional contact with the school system during that school year and are not subject to Virginia's requirements for home instruction of children. See Va. Code § 22.1-254(I)(5).  Thus, the Commissioner

8

asserts that a home-schooled student must satisfy the requirements of § 22.1-245.1 to qualify for continuing social security benefits.

Robert correctly asserts that home schooling by meeting the requirements set forth in § 22.1-245.1 and home-schooling under the religious exemption are both legally valid options to avoid compulsory school attendance in Virginia. Both do not, however, "satisfy a home school law of the state in which [he] resides." The religious exemption is merely an exemption from compulsory school attendance. It does not provide any educational requirements at home or elsewhere. As the Commissioner notes, "there is no evidence that Plaintiff or his mother had any contact whatsoever with the school district of [sic] state officials after he was granted a religious exemption in September 2009." Comm'r Br. Summ. J. p. 8.

Robert points to multiple Virginia statues and guidelines where students who meet the requirements of the home school statute of §22.1-254.1 and students who are exempted under the religious exemption of §22.1-254(B) are treated equally, including statutes involving driver's education courses, eligibility for state-supported financial aid, and testing for high school equivalency. See Pl. Br. Summ. J. pp. 12–13. Reference to such other Virginia statutes and regulations is not particularly helpful, as they are inconsistent as to whether students who are home-schooled are treated equally to students exempted from school under the religious exemption. For example, Virginia Code § 23.1-600 and Virginia Administrative Code 8 VAC 40-132-110 treats students who were instructed at home under § 22.1-254.1 the same as students exempt from school attendance under the religious exemption, § 22.1-254(B), for college financial aid eligibility. Conversely, neither Virginia Administration Code sections 8 VAC 20-340-5

(regulations governing driver education) nor 8 VAC 20-81-10 (regulations governing special education programs for children with disabilities) consider compliance with the religious exemption to be "home instruction." These regulations instead require compliance with the instruction requirements of § 22.1-254.1 as a satisfactory alternative to the attendance requirements set out in § 22.1-254.

Several cases recognize that the Virginia religious exemption and home-schooling statute are distinct, and the religious exemption merely excuses a student from attending school rather than classifying them as a full-time student. In Francis v. Barnes, the Eastern District of Virginia considered an older version of Virginia's compulsory education law with nearly identical language to the current statute. 69 F. Supp. 2d 801, 805 (E.D. Va. 1999). In Francis, the plaintiffs sought a religious exemption but also planned to home-school their children, and the court treated the two as separate factors. Id. ("In this case, the Francises asked for a religious exemption, pursuant to § 22.1-257(B)(2), but also planned on home-schooling their children.); see also Johnson v. Prince William County School Board, 241 Va. 383, 385–86 (1991) (discussing the religious exemption as distinct from the home school statute requirements.)

Further, Virginia's Attorney General provided an Advisory Opinion on November 18, 1988, addressing questions regarding home-schooling and the religious exemption. 1987-88 Va. Op. Atty. Gen. 330, 1988 WL 408982, at *4. The opinion distinguishes between Virginia's home-schooling requirements and the religious exemption from compulsory school attendance. The opinion states, in pertinent part,

> The religious belief exception in § 22.1-257 was enacted by the General Assembly to assure that the free exercise of religion, which is guaranteed by the Constitution of the United States and the Constitution of Virginia, is respected by government. The mere assertion, however, of a religious

> objection to public school attendance does not automatically constitute a 'bona fide religious belief.' The Commonwealth has a fundamental interest in an educated citizenry which cannot be undervalued.
>
> …
>
> You next ask whether a school board which, while considering a request for a religious exemption, discovers that parents meet the requirements and qualifications for home instruction may offer to allow the parents to use home instruction as an accommodation of the parents' religious beliefs….Section 22.1-245.1(A) declares that it is the policy of the Commonwealth to allow, as an acceptable alternative form of education, the instruction of children by their parents in their home, when the requirements of the home instruction provisions in § 22.1–254.1 are satisfied… There is nothing in the compulsory school attendance statutes which precludes a local school board from offering to permit home instruction as an accommodation to a child and parents who have requested a religious belief exemption pursuant to § 22.1–257, nor is there anything in the statutory scheme for home instruction which precludes parents from electing home instruction after it is offered by a school board as an accommodation to the parents' religious beliefs.
>
> …
>
> Under the provisions of §22.1-256(A)(4), however, the General Assembly has provided a complete exemption from compulsory school attendance for a child excused on religious grounds. It is my opinion, therefore, that a school system lacks the authority to monitor the educational growth of a child through regular testing, unless the home instruction provisions of §22.1-254.1, as quoted above, apply.

1987-88 Va. Op. Atty. Gen. 330, 1988 WL 408982 (internal citations omitted). These cases and the opinion of the Attorney General reinforce a plain language reading of Virginia's statutory scheme as offering two options to avoid compulsory school attendance: 1) home-schooling with educational requirements; and 2) an exemption from all schooling requirements due to religious beliefs.

Robert also relies upon the home school laws in Michigan and Alaska to support his claim for benefits. These states' laws are distinguishable from Virginia's statutory scheme. Michigan law provides six exceptions to compulsory school attendance,

11

including a home school exception for "children being educated at the child's home by his or her parents or legal guardian in an organized educational program in the subject areas of reading, spelling, mathematics, science, history, civics, literature, writing, and English grammar." See Mich. Comp. Laws Ann. § 380.1561(3)(f) (West 2017). Similarly, Alaska law exempts children from public school attendance when they are being educated in the child's home by a parent or guardian. Alaska Stat. Ann. § 14.30.010 (West 2018).  Notably, as of 2012, Virginia was the only state with a religious exemption law that places no government oversight on the students who claim the exemption. See Christine Tschiderer, Henry Sire, Allison Lansell, Stephanie Moore, Prof. Andrew Block, *7,000 Children and Counting, An Analysis of Religious Exemptions from Compulsory School Attendance in Virginia*, (Sept. 2012) Child Advocacy Clinic, University of Virginia School of Law, available at: http://curry.virginia.edu/uploads/resourceLibrary/7000_Children_and_Counting.pdf. The three states with a religious exemption most similar to Virginia's are Iowa, Kansas, and South Dakota. These states allow for a total exemption from school attendance, but unlike Virginia, still require exempt children to receive some type of educational instruction. See Iowa Code Ann. § 299.24 (West 2019); Kan. Stat. Ann. § 72-3120(g) (West 2019); S.D. Codified Laws § 13-27-1.1 (2019).

Finally, the Social Security Administration issued relevant guidance when it revised the "full-time student" regulation to include home-schooled students. See 61 FR 38361-01, 1996 WL 409869 (1996); 60 FR 62783-01, 1995 WL 715672 (1995). The SSA rules state that a home-schooling program must meet state law requirements for home-

12

schooling, including notice and reporting to a school board and actual instruction. These characteristics are absent from the Virginia religious exemption.

Virginia law distinguishes between the religious exemption as an exemption from compulsory school attendance, and the home school statute, which provides educational requirements to be met at home. Virginia's statutory scheme contemplates the religious exemption as a standalone method for avoiding school attendance requirements. The exemption does not bring a child within the home-schooling statutory requirements as Bambara urges. Accordingly, he is not considered a home-schooled student under the law of Virginia and is not entitled to survivor benefits.

## CONCLUSION

For the reasons set forth above, I recommend **DENYING** Robert's motion for summary judgment, **GRANTING** the Commissioner's motion for summary judgment, and dismissing this case from the court's active docket.

The Clerk is directed to transmit the record in this case to Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objections, including a waiver of the right to appeal.

13

Enter: May 20, 2019

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge